IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| | § | |
| CHRISTOPHER S. MEHAFFIE | § | CASE NO. 09-31689-H3-13 |
| Debtor | § | |

**RESPONSE TO MOTION TO QUASH RULE 2004 EXAMINATION FILED BY LARRY MARSH AND MOTION FOR EMERGENCY CONSIDERATION**
(Relates to Docket #12 and 13)

Appleway Equipment Leasing, Inc. ("Appleway"), a creditor in the above-captioned case, hereby responds to the Motion to Quash and Motion for Emergency Consideration filed by Mr. Marsh, showing unto the Court as follows:

1.  The Motion to Quash should be denied for the following reasons:

    a. Larry Marsh was, until recently, the majority stockholder and "L" in D&L Trucking, which is clearly relevant to his case as the entity that employed the Debtor and forms the basis of his stipulated nondischargeable liability to Appleway.

    b. BLR 2004 provides that any objection to the 2004 notice be filed within 5 business days. Appleway served the notice on 10/28/09 (by mail[1]) and no objection was filed until after 11/12. The Motion is untimely.

    c. The 2004 exam is not being used in the Adversary proceeding because the Debtor has stipulated to liability in that proceeding and the non-dischargeability of debt. The 2004 exam is being used to investigate assets of the estate - transfers to and from the Debtor and potential codebtors.

    d. The 2004 exam is not being used to circumvent the stay of the Washington Suit, because it was this bankruptcy that caused that stay. This is the only place to investigate estate assets.

---

[1] The notice was also hand-delivered to Mr. Marsh on 10/9/09 after numerous attempts at in-person service had been avoided.

Dallas 290607v1

**Background**

2. The Debtor is an individual. Mr. Mehaffie was employed by the corporation D&L Trucking ("D&L") where he worked as "finance manager" and claimed he was vice president. D&L sells big-rig trucks. Chris Mehaffie worked there with his father, Don Mehaffie, and the majority shareholder Larry Marsh.

3. While he was working there, D&L submitted forged copies of cashier checks and sent them to Appleway Equipment Leasing. Appleway released collateral based on the belief that down payments were made, and Appleway bought the purchaser's notes. Unsurprisingly, the purchasers were not creditworthy and our client discovered it had been duped by fake copies of cashier checks. Appleway demanded D&L repurchase the notes, which it refused to do.

4. Appleway's damages are claimed to exceed $800,000.

**The Adversary Proceeding**

5. Chris Mehaffie "took the fifth" at his 2004 examination in response to every material question about his dealings with D&L (see Docket 99). Appleway sued to deny dischargeability of his debt under Section 523. The Debtor then stipulated to the liability on the debt and the fact it was non-dischargeable. The Adversary only concerns damages.

**The Main Case 2004 Subpoena**

6. Meanwhile, Appleway wanted to investigate the (now former) majority shareholder of D&L - Larry Marsh. Mr. Marsh may have knowledge of claims against or by the estate, liabilities and assets of the Debtor, and the facts material to the Debtor's ability to confirm a plan.

7. Notice of a 2004 exam may be mailed. Appleway's counsel mailed the 2004 exam subpoena to Mr. Marsh on October 28, 2009 for an examination with documents on November 19, 2009. Appleway filed the 2004 notice and served it on all creditors on November 2, 2009, as required by BLR 2004.

8. A process server hand-delivered another copy of the October 28 subpoena in person on November 9, 2009. Mr. Marsh has never asked to postpone the exam or objected to the date. Indeed, he has claimed that he has "no documents" and claims ignorance of all matters.

### The Motion to Quash

9. A paper copy of the Motion to Quash was sent to the undersigned on November 12, but not filed on the Court's docket.

10. The Motion makes the surprising claim that D&L (the Debtor's employer and the basis for his stipulated non-dischargeable liability to Appleway) has "nothing to do" with the Debtor. The Motion claims that D&L's records have "no relevance" to this proceeding.

11. The motion to quash claims that the examination is an attempt to end-run the stay of the Washington State litigation against D&L - a stay caused by the Debtor's bankruptcy pending here in Houston.

12. The motion to quash also says that Appleway unreasonably invades Mr. Marsh's privacy but then notes, in a footnote and on exhibit 4, that Appleway withdrew the objectionable requests.

13. Finally, Mr. Marsh claims (paragraph 26) that he "does not have any of the documents relating to D&L," which makes the entire objection absurd. Why object if there is nothing to produce?

**The Motion Should be Denied**

14.     As noted above (and as shown by the copy of the examination attached to the Motion), the motion was served on October 28 and received by October 29.  Mr. Marsh had 5 business days to object under BLR 2004.[2]  He missed that deadline.  Mr. Marsh could have asked for a postponement or reschedule to a different date, but he did not.  Instead, he seeks to quash the entire production under Rule 2004 on the basis of "relevance."

15.     Also, as previously discussed, the liability and dischargeability issues in the adversary proceeding have been resolved by the Debtor's stipulation that he is liable to Appleway and that the liability is not dischargeable.  The only issue remaining in the adversary proceeding is a damage computation.  Thus, the 2004 examination is not an attempt to use Mr. Marsh's testimony in the adversary.

16.     The 2004 examination is limited by rule to those broad issues outlined in the notice of 2004 examination - the Debtor's assets and liabilities and ability to confirm a plan.  The 2004 examination is absolutely permitted for those issues.  An interesting tautological argument has been raised  - that the bankruptcy stayed the Washington case, that this 2004 exam is relevant to the Washington case, and that the bankruptcy examination should thus be stayed because of the stay in Washington.  That argument is facially absurd.  Moreover, the *only* court with jurisdiction over the assets of the estate is this court and this court is the only proper forum to investigate those claims.

17.     As a last-ditch effort, Mr. Marsh claims that his privacy was invaded, but then does not conspicuously explain that the requests were *withdrawn*.  Footnote 4 and Exhibit 4 both

---

[2] BLR 2004 also requires that a motion to quash comply with BLR 9013 - but this motion to quash was only served on 4 people.  The Motion does not comply with Rule 9013 and, on that basis alone, it could be struck.

Dallas 290607v1

show that the complained-of requests were voluntarily withdrawn. Counsel attempted to be reasonable and accommodate Mr. Marsh's objections. Notwithstanding the courtesy, the Motion screams that Appleway "made no attempt to comply" with Rule 45. The two statements are incongruous, if not contradictory.

18. Appleway believes that the majority shareholder of D&L - a closely-related entity of which the Debtor appeared to be an officer or "manager" - might have relevant information about the Debtor's dealings with D&L. Mr. Marsh is believed to have divested himself of D&L's stock after the bankruptcy. He owned the majority of shares of D&L for the years relevant to the Debtor's actions. The Debtor has claimed a Fifth Amendment privilege. Therefore, Appleway is required to examine other individuals to determine the Debtor's assets, liabilities, and potential for confirmation.

WHEREFORE, PREMISES CONSIDERED, Appleway asks that the Motion to Quash be denied.

Dated: November 16, 2009.

    Respectfully submitted,

    MCKOOL SMITH, P.C.

    By:  /s/ Hugh M. Ray, III
        HUGH M. RAY, III
        State Bar No. 24004246
        600 Travis, Suite 7000
        Houston, Texas 77002
        Telephone: (713) 485-7300
        Facsimile: (713) 485-7344

    ATTORNEYS FOR APPLEWAY EQUIPMENT
    LEASING, INC.

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing Notice of Issuance of Subpoena was served on November 16, 2009, by first class mail, to all parties listed on the ECF Service List.  A supplemental certificate of service to the entire service list may be filed.

                                            */s/ Hugh M. Ray, III*
                                        HUGH M. RAY, III